UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60999-Civ-COHN
MAGISTRATE JUDGE P. A. WHITE

MARCELLO BUDAL ARINS,                :

          Petitioner,                :

v.                                   :        <u>REPORT OF</u>
                                              <u>MAGISTRATE JUDGE</u>
WALTER A. McNEIL,[1]                 :

          Respondent.                :
_____      :


<u>Introduction</u>


     This Matter is before the Court on Marcello Budal Arins' <u>pro</u>
<u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254,
attacking the constitutionality of his conviction for trafficking
in 400 grams or more of cocaine entered following a jury verdict in
Broward County Circuit Court, Case No. 99-10154CF10A. The Court has
reviewed the petition, the state's response with multiple exhibits,
and the petitioner's reply.


     The petitioner raises the following claims:


          1.   The trial court committed reversible
               error when it interfered with the jury
               selection process. (DE#1:5).

          2.   Testimony adduced at trial which
               suggested the petitioner routinely
               engaged in narcotics trafficking was
               improper and warrants a new trial.
               (DE#1:8).

_____

     [1]Walter A. McNeil, has replaced James R. McDonough as Secretary of the
Florida Department of Corrections, and is now the proper respondent in this
proceeding. McNeil should, therefore, "automatically" be substituted as a party
under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket
and change the designation of the Respondent.

3.     His confrontation rights were violated where the prosecutor and/or its witnesses alluded to an unidentified confidential informant. (DE#1:10).

4.     The trial court erred by failing to preview taped conversations between the petitioner and William Sharoff, prior to allowing the jury to read transcripts of the tapes as they listened to the recordings. (DE#1:12).

5.     He was denied effective assistance of counsel, where his lawyer misadvised him against taking the stand on his own behalf. (DE#1:16).

6.     The state unlawfully introduced evidence of a conversation between the petitioner and William Sharoff which had been altered by law enforcement as language was deleted which would have established that the petitioner was smuggling semi-precious gems, and not drugs. (DE#1:20).

## Procedural History

Marcello Budal Arins' was charged by Information with trafficking in 400 grams or more of cocaine (Count 1) and two counts of possession of diazepam (Counts 2-3). (DE#12:Ex.R-1). Prior to trial, Arins filed a motion to suppress statements and tangible evidence. (DE#12:Ex.R-3). It appears from the record that the court entered an order suppressing "evidence obtained as a direct result of the search of the Defendant's person, evidence obtained from his house, and oral statements made by the Defendant subsequent to his arrest..." (DE#12:Ex.R-1). Thereafter, the trial court entered a judgment of acquittal as Counts 2 and 3 for possession of diazepam. (Id.). Arins then proceeded to trial as to Count 1, where he was found guilty as charged, following a jury verdict. (DE#12:Ex.R-1). Arins was adjudicated guilty and sentenced, pursuant to Fla.Stat. §893.135(1), to a statutory

2

minimum mandatory term of fifteen years in prison. (DE#12:Ex.R-1).

Arins appealed, raising the following claims:

    1.   The trial court's interference in jury selection requires reversal of the defendant's conviction.

    2.   Testimony presented to the jury which suggested that the Defendant engaged in narcotics trafficking was so prejudicial as to require a new trial.

(DE#12:Ex.R-3).

On January 30, 2002, the Fourth District Court of Appeal *per curiam* affirmed the conviction and sentence without written opinion. <u>Arins v. State</u>, 806 So.2d 494 (Fla. 4 DCA 2002)(table). The mandate issued on February 15, 2002. (DE#12:Ex.R-3). The judgment of conviction thus became final for purposes of the AEDPA's one year federal statute of limitations, at the latest on April 30, 2002, ninety days after the opinion affirming the conviction was issued at the conclusion of the petitioner's direct appeal.[2]

On May 21, 2002, Arins filed a state petition for writ of habeas corpus raising in pertinent part, the following claims:

    1.   He was denied effective assistance of counsel on appeal, where his lawyer failed to assign as error that his confrontation rights were violated where

_____

[2]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>accord</u>, <u>Bond v. Moore</u>, 309 F.3d 770 (11 Cir. 2002); <u>Coates v. Byrd</u>, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate.  Supreme Court Rule 13.

the prosecutor and/or its witnesses alluded to an unidentified confidential informant.

2.   He was denied effective assistance of counsel on appeal, where his lawyer failed to assign as error that the trial court failed to preview taped conversations between Arins and Sharoff prior to allowing the jury to read transcripts of the tapes as they listened to the recordings.

(DE#12:Ex.R-4).

The Fourth District Court of Appeal summarily denied the petition. (Id.). Rehearing was denied on October 3, 2002. (Id.).

Approximately six months later, on April 10, 2003, Arins returned to the state court filing his first state motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, raising two claims arising from counsel's ineffectiveness. (DE#12:Ex.R-5). A supplemental/amended Rule 3.850 was filing raising the same claims as claims five and six of this federal petition, as listed above. (Id.). On January 26, 2007, the court entered a detailed order denying the claims on the merits. (Id.). That denial was per curiam affirmed without written opinion by the appellate court on April 4, 2007. Arins v. State, 954 So.2d 1170 (Fla. 4 DCA 2007)(table). (Id.). The mandate issued on June 1, 2007. (Id.).

Arins then came to this court, timely filing this federal petition for writ of habeas corpus on July 10, 2007.[3] (DE#1). The respondent rightfully does not challenge this petition as untimely filed pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz  v. Bennett, 531

---

[3]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

U.S. 4 (2000). (DE#8:3).

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. Baldwin v. Reese, 541 U.S. 27 (2004); Gray v. Netherlands, 518 U.S. 152 (1996); Duncan v. Henry, 513 U.S. 364 (1995); Picard v. Connor, 404 U.S. 270 (1971). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001). A claim of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate district court of appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So. 2d. 439, 442 n.1 (Fla. 1990). These principles will be discussed when relevant in connection with Arins' individual claims infra.

Discussion of the Claims

Turning to the merits of the claims raised in the collateral

proceeding, Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as deter-mined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. Putnam v. Head, 268 F.3d 1223, 1241 (11 Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. Id.; see also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of

clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this new standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295, quoting Bell v. Cone, 535 U.S. 685 (2002).

In **claim one**, Arins asserts that the trial court committed reversible error when it interfered with the jury selection process.[4] (DE#1:5).

Arins concedes that the claim as worded above has not been exhausted in the state forum and, therefore, is unexhausted and procedurally barred from review in this collateral proceeding. (DE#15:4). Thus, to the extent Arins seeks to raise a new claim that the trial court interfered with the jury selection process

---

[4]The claim as worded was captioned the same way on direct appeal. However, the argument in support thereof as raised in the state forum on direct appeal, as in this collateral proceeding, does not concern the jury selection process, but rather arise from information adduced at trial during the testimony of a prosecution witness. Thus, it appears that the appellate brief on appeal contains a scrivener's error in this regard.

thereby abandoning his impartiality, based upon the foregoing principles regarding exhaustion and procedural bar, this claim is unexhausted and prospectively procedurally barred from federal habeas corpus review, because the claim was not presented on direct appeal as it could and should have.

In this case, however, dismissal of the petition to permit Arins to exhaust the claim would be futile, since Arins' unexhausted claim is now incapable of exhaustion at the state level and would be procedurally barred under Florida law. Arins has already pursued a direct appeal and a Rule 3.850 motion in state court, which denial was appealed.[5] It is, therefore, apparent that any attempt to return to that forum to present his unexhausted claim would be futile.[6] Because there are no procedural avenues remaining available in Florida which would allow Arins to return to the state forum and exhaust the subject claim, it appears that the claim is likewise procedurally defaulted from federal review. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999)(holding that where state prisoner failed to raise a federal claim in state postconviction proceedings, and it is obvious that such unexhausted claim would now be procedurally barred due to a state-law procedural default, federal habeas court may foreclose petitioner's filing in state court); Collier v. Jones, 910 F.2d 770, 773 (11 Cir. 1990)(where dismissal to allow exhaustion of unexhausted

---

[5] The subject claim cannot now be raised in a later Rule 3.850 motion because, except under limited circumstances not present here, Florida law bars successive Rule 3.850 motions. See Fla.R.Crim.P. 3.850(f). See also Moore v. State, 820 So.2d 199, 205 (Fla. 2002)(holding that a second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion).

[6] A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999). The latter is applicable here.

claims would be futile due to state procedural bar, claims are procedurally barred in federal court as well); <u>Parker v. Dugger</u>, 876 F.2d 1470, 1477-78 (11 Cir. 1989)("plain statement" rule of <u>Harris v. Reed</u>, 489 U.S. 255 (1989), does not apply when a claim was never presented in state court).

Since Arins has failed to demonstrate objective cause for the failure to properly raise the claim before the state courts and actual prejudice resulting from the error complained of, and has further failed to show that a fundamental miscarriage of justice would result from not considering the forfeited claim, the claim is procedurally barred in this federal proceeding. <u>See</u> <u>Dretke v. Haley</u>, 541 U.S. 386, 124 S.Ct. 1847 (2004). <u>See also</u> <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). To demonstrate a fundamental miscarriage of justice, Arins needs to establish that he is actually innocent of the subject crime for which he was convicted. <u>See</u> <u>Glover v. Cain</u>, 128 F.3d 900, 904 n. 5 (5 Cir. 1997). Even if Arins is somehow asserting that he is actually innocent, the actual innocence exception to the unreviewability of procedurally defaulted claims is applied only in the rarest of cases; <u>see</u> <u>Dretke</u>, 124 S.Ct. at 1852, and Arins has failed to meet the high standard.[7] <u>See Bousley</u>

---

[7]Petitioner must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998), <u>quoting</u>, <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995). The Supreme Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. <u>Id</u>. <u>See also</u> <u>High v. Head</u>, 209 F.3d 1257 (11 Cir. 2000); <u>Lee v. Kemna</u>, 213 F.3d 1037, 1039 (8 Cir. 2000); <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107 (2 Cir. 2000)(citing <u>Schlup v. Delo</u>, 513 U.S. 298, 299, (1995); <u>Jones v. United States</u>,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. <u>Id</u>. at 316. In this federal proceeding, Monzon has come forward with no new reliable evidence to support any claim of actual innocence. Further, as to be indicated, Monzon entered a plea of guilty after admitting his guilt to the subject charge during a full plea

v. United States, 523 U.S. 614 (1998), quoting, Schlup v. Delo, 513
U.S. 298, 327-328 (1995). Accordingly, Arins is not entitled to
federal habeas corpus review of the unexhausted claim. See
O'Sullivan v. Boerckel, 526 U.S. 838,  848-49 (1999). See also
Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); United States v.
Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72
(1977).

     Although review of the record reveals that the claim was never
presented to the courts of Florida, the facts in support of the
claim were presented on direct appeal as a claim that the trial
judge abandoned his role as a neutral arbiter when it coached the
prosecutor on what line of questioning it should pursue during
redirect examination of a witness at trial. Thus, the factual basis
for this claim has been exhausted in the state forum. To the extent
Arins seeks to raise the claim that the trial judge was acting as
an advocate for the prosecutor, as was raised in the state forum on
direct appeal, that claim will be discussed on the merits infra.

     Arins argues here, as he did on direct appeal, that the trial
court interfered with the conduct of the trial, and therefore
abandoned its impartiality. According to Arins, the court sua
sponte permitted the prosecutor to inquire into conversations
between the confidential informant, Sharoff, and law enforcement,
despite no prior objection by the prosecutor, on the basis that
"there was such a thing as fair play." (T.219-220). Arins maintains
that the court's statement in this regard violated its
responsibility to be a neutral arbitrator. In this habeas
proceeding, Arins reasserts the arguments raised on direct appeal,
and further explains that the court abandoned its impartiality when
it "coached" the prosecutor on possible areas for redirect

---

proceeding. (Transcript of Plea Proceeding)(DE# 12).

examination. (DE#1:6).

It is axiomatic that the due process guarantee of a fair and impartial trial judge prohibits any bias or advocacy by the trial judge during the course of a trial. See Taylor v. Hayes, 418 U.S. 488, 501-04 (1974). However, it is well settled that a trial judge is not relegated to complete silence and inaction during the course of a criminal jury trial. See United States v. Wright, 392 F.3d 1269, 1274 (11th Cir. 2004), cert. den'd, 544 U.S. 968 (2005), quoting, United States v. Cox, 664 F.2d 257, 259 (11th Cir. 1981). However, a trial judge abuses its authority when it "'abandons [its] proper role and assumes that of an advocate.'" United States v. Wright, 392 F.3d at 1274; United States v. Harriston, 329 F.3d 779,790 (11th Cir. 2003); see also, Fed.R.Evid. 614; Fla.Stat. §90.615. In this regard, the Eleventh Circuit has explained that:

> [t]he trial judge has a duty to conduct the trial carefully, patiently, and impartially. He must be above even the appearance of being partial to the prosecution. On the other hand, a federal judge is not a mere moderator of proceedings. He is a common law judge having that authority historically exercised by judges in the common law process. He may comment on the evidence, may question witnesses and elicit facts not yet adduced or clarify those presented, and may maintain the pace of the trial by interrupting or cutting off counsel as a matter of discretion.

Wright, 392 F.3d at 1274, quoting, Moore v. United States, 598 F.2d 439, 442 (5th Cir. 1979).

A trial judge's participation in a trial oversteps the bounds of propriety and deprives the parties of a fair trial only if it appears from the record that the court has departed from neutrality or has expressed bias or prejudice. See United States v. Wright, 392 F.2d 1269, 1274 (11th Ci. 2004); United States v. Parker, 241

F.3d 1114, 1119 (9 Cir. 2001)(holding that trial judge's substantial participation in proceedings, in asking questions on behalf of prosecution when prosecution asked leading or otherwise objectionable questions, did not deprive defendant of fair trial, because judge's conduct did not show actual bias or project appearance of advocacy or partiality, and judge instructed jury not to infer any opinion from its questioning). Put another way, comments made by a judge will cause reversal only when they "excite a prejudice which would preclude a fair and dispassionate consideration of the evidence." Brough v. Imperial Sterling, Ltd., 297 F.3d 1172, 1181 (11th Cir. 2002).

In this case, there was no error or prejudice to Arins. Nothing in the trial court's comment strayed from neutrality. Moore, 598 F.2d at 442. The trial judge did not become an advocate for the prosecutor by permitting redirect questioning as defense counsel opened the door to such questions. It is evident from the record that the court was merely attempting to ensure that all pertinent evidence was presented to the jury. See United States v. Campino, 890 F.2d 588, 592 (2 Cir. 1989)(holding that trial judge's suggestion during suppression hearing that government should call another witness as to time at which search was conducted did not show predisposition of judge toward government's position in that trial judge was merely seeking additional evidence to resolve conflicting testimony and what he considered to be a close issue of credibility), cert. denied, 498 U.S. 866 (1990). Further, in this case, the trial judge's remarks and suggestion took place out of the presence of the jury.

Thus, the record shows that the trial judge's intervention in this case did not deprive Arins of a fair trial. There is no indication whatever of actual bias or the appearance of advocacy or partiality. Under the circumstances presented here, the denial of

this claim without written opinion on direct appeal was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). See Williams v. Taylor, 529 U.S. 362 (2000).

In **claim two**, Arins asserts that the testimony adduced at trial which suggests the petitioner routinely engaged in narcotics trafficking was improper and warrants a new trial. (DE#1:8). The thrust of Arins' argument appears to be that the court erred when it admitted evidence of his prior crimes through the testimony of Special Agent Dwayne Little, and claims its admission was highly prejudicial.[8]

Factually, the crimes charged in the instant case occurred after a confidential informant, William Sharoff, began cooperating with police following his arrest on May 26, 1999. (DE#12:Ex.R-2:T.298). According to Sharoff, after Arins arrived in the United States from Brazil, he went to Sharoff's house, and took out a plastic bag from inside a suitcase which contained a jar, South American coffee, and a receipt. (T.238,308-310). Sharoff further testified that Arins placed a jar containing a net weight of 951.2 grams of cocaine inside a recessed lighting cove above Sharoff's refrigerator. (T.268,270-73). The conversation between Sharoff and Arins was recorded, and revealed that Arins provided Sharoff with the drugs, but Sharoff indicated that he could not weight the drugs because he had lent his scale to a friend. (T.312,316). At that time, Sharoff gave Arins as much money as he could, and promised to deposit the remaining amount due in cash from the proceeds of the sale of the drugs into Arins' bank account. (T.317,385). At trial,

---

[8]It should be noted, however, that this information also came out during the direct testimony of the confidential informant, William Sharoff.

Sharoff explained that he had known Arins for the past 10 years, that Arins had been his drug supplier for a number of years, and therefore Arins was comfortable with leaving the drugs without full payment or having it weighed. (T.301,315,345).

This claim is not cognizable in this federal habeas corpus proceeding. Federal courts will grant habeas corpus relief on the basis of a state evidentiary ruling only if the ruling adversely affects the fundamental fairness of the trial. Sims v. Singletary, 155 F.3d 1312 (11 Cir. 1998)(denying habeas corpus relief on a claim that a motion for mistrial was wrongfully denied). See also Estelle v. McGuire, 502 U.S. 62 (1991); Osborne v. Wainwright, 720 F.2d 1237, 1238 (11 Cir. 1983); Jameson v. Wainwright, 719 F.2d 1125 (11 Cir. 1983); DeBenedictus v. Wainwright, 674 F.2d 841, 843 (11 Cir. 1982). In general, federal courts are reluctant to second-guess state evidentiary rulings, recognizing that states deserve wide latitude in that area, Maness v. Wainwright, 512 F.2d 88, 92 (5 Cir. 1975), so federal habeas corpus relief is rarely deemed appropriate for claims predicated on allegations of state evidentiary error. Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11 Cir.), cert. denied, 470 U.S. 1059 (1985). Such evidentiary rulings are subject to the harmless error analysis and will support habeas relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Sims v. Singletary, 155 F.3d at 1312, quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).

Moreover, federal courts recognize the principle that evidence of other crimes, wrongs, or acts is not admissible to prove bad character. Britton v. Rogers, 631 F.2d 572 (8 Cir.), cert. denied, 451 U.S. 939 (1981). However, "other crimes" evidence may be admitted when offered for appropriate purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or

14

identity. <u>Hall v. Wainwright</u>, 733 F.2d 766 (11 Cir. 1984); <u>Britton v. Rogers</u>, <u>supra</u> at 575.  The same principles are found in Florida regarding the admission of collateral crime evidence. <u>See</u> <u>Fla.Stat</u>. §90.404(2)(a);  <u>Buenano v. State</u>, 527 So.2d 122, 124 (Fla. 1987); <u>Williams v. State</u>, 143 So.2d 484, 486 (Fla. 1962). Significant in this case is the rule that "evidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged" is admissible. <u>Griffen v. State</u>, 639 So.2d 966 (Fla. 1994).

In this case, the admission of testimony regarding Arins' narcotics trafficking was in accordance with these principles and did not impair the fundamental fairness of his trial. Even were that not the case, admission of the evidence was harmless, given the facts that Sharoff testified against Arins at trial and corroborated the officer's testimony (T.297-339). <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993)(§2254 petitioner is entitled to relief only if a constitutional trial error in his state trial "'had substantial and injurious effect or influence in determining the jury's verdict.'")

Under these circumstances, the state court's denial of this claim without written opinion on direct appeal was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

In **claim three**, Arins asserts that his confrontation rights were violated where the prosecutor and/or its witnesses alluded to an unidentified confidential informant. (DE#1:10).

The respondent asserts correctly that this claim has not been properly exhausted in the state courts. Based upon the foregoing principles regarding exhaustion and procedural bar, this claim is unexhausted and prospectively procedurally barred from federal habeas corpus review, because the claim was not presented on direct appeal as it could and should have been. Arins cannot overcome the bar in that he has not demonstrated objective cause for the failure to properly raise the claim in the state courts and actual prejudice resulting from the error complained of. See O'Sullivan v. Boerckel, 526 U.S. at 848-49; Coleman v. Thompson, 501 U.S. at 750-51; United States v. Frady, 456 U.S. at 168); Wainwright v. Sykes, 433 U.S. 72. If Petitioner were to contend in this federal proceeding that he should be excused from the procedural default because the default was due to appellate counsel's failure to raise the subject claim on direct appeal, such argument would be unavailing. The claim of ineffective assistance of counsel may constitute cause for a procedural default. See Murray v. Carrier, 477 U.S. 478 (1986). See also Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Arins presented his claim of ineffective assistance of appellate counsel regarding the subject claim in the state appellate court by way of state petition for writ of habeas corpus. While Arins may have satisfied cause for the procedural default, he cannot demonstrate actual prejudice because his underlying claim lacks merit.

Review of the trial transcript reveals that Special Agent Dwayne Little testified that he had received information from a confidential source that Sharoff was dealing drugs. (T.181). As a result of the information, he checked an address provided, in addition to cross-checking it with driver's licenses which revealed that the address matched Arins' driver's license. (T.181-182). Defense counsel objected on the basis that the prosecutor was eliciting information received from a confidential source. (T.182).

The objection sustained, and the jury was thereafter instructed to disregard that the testimony regarding Arins' driver's license matching information provided from a confidential source. (T.185). Arins claims this testimony, as well as the prosecutor's comments in this regard during opening and at closing, which referred to an unidentified confidential source violated his confrontation rights. Arins concludes that if the jury considered the agent's testimony regarding Sharoff as reliable because it resulted in Sharoff's arrest and the seizure of a substantial amount of drugs, then the jury also could infer that the information from the informant regarding Arins was also reliable.

As previously narrated in this Report, Sharoff testified at length regarding his relationship with Arins, whom he claimed was his primary, if not sole, drug supplier for a number of years. Sharoff explained that Arins would use the same jar and other means of bringing the drugs into the United States during the time of their relationship.

The Confrontation Clause of the Sixth Amendment affords the accused the right "to be confronted with the witnesses against him."[9] U.S. Const. amend. VI. The primary purpose of the Confrontation Clause is to prevent out-of-court statements from being used against a criminal defendant in lieu of in-court testimony subject to the scrutiny of cross-examination. See Douglas v. Alabama, 380 U.S. 415, 418-19 (1965).[10] The Eleventh

---

[9]The Sixth Amendment's Confrontation Clause is applicable in state criminal trials via the Fourteenth Amendment. See Douglas v. Alabama, 380 U.S. 415, 418, (1965); Pointer v. Texas, 380 U.S. 400, 404 (1965).

[10]Arins does not cite to Crawford v. Washington, 541 U.S. 36 (2004)(permitting the use of testimonial hearsay statements only when the defendant has had prior opportunity to cross-examine the unavailable declarant) as support for his claim but, even if he did, his argument would be unavailing. The Supreme Court has recently held that Crawford does not apply retroactively

Circuit has held that statements by an officer concerning
information received during his investigation which amounts to
substantive evidence of a defendant's guilt violates the
Confrontation Clause. <u>See</u> <u>Harris v. Wainwright</u>, 760 F.2d 1148, 1151
(11 Cir. 1985)("The district court correctly saw the issue as
whether [the officer's] recital that he obtained information ...
was substantive evidence of petitioner's guilt, both because it
bolstered [the identification testimony of other witnesses] and,
... tended to connect defendant with the crime.")

Even if this Court finds that the inferences that could be
drawn by the jury from the objected-to testimony constitutes
inadmissible hearsay testimony pursuant to federal and Florida law
principles, at least as to the nontestifying witness, the admission
was harmlessly cumulative in light of the evidence adduced at trial
regarding Arins' guilt. <u>see</u> <u>Tumblin v. State</u>, 747 So.2d 442, 444
(Fla. 4 DCA 1999)(holding that trial court improperly allowed
officer to testify that he arrested the defendant after talking
with a non-testifying eye-witness); <u>Wilding v. State</u>, 674 So.2d
114, 119 (Fla. 1996), *receded from on other grounds*, <u>Devoney v.
State</u>, 717 So.2d 501 (Fla. 1998)(stating that even though witness
does not quote or paraphrase the extrajudicial statement, when the
inference to be drawn by the testimony is that an out-of-court
declarant implicated the defendant in a crime, the testimony is
hearsay and inadmissible); <u>Postell v. State</u>, 398 So.2d 851, 854
(Fla. 3 DCA 1981)(holding that "where ... the inescapable inference
from testimony [concerning a tip received by police] is that a
non-testifying witness has furnished the police with evidence of
the defendant's guilt, the testimony is hearsay, and the
defendant's right of confrontation is defeated, notwithstanding

---

to collateral proceedings, such as the instant habeas petition. <u>Whorton v.
Bockting</u>, ___ U.S. ___, 127 S.Ct. 1173 (2007).

that the actual statements made by the non-testifying witness are not repeated.").

Thus, Arins is not entitled to habeas relief on the basis of the agent's and the prosecutor's brief reference to an unidentified informant who advised law enforcement regarding the unlawful activities of Sharoff and Arins. Even if the testimony violated the Confrontation Clause, the error is harmless beyond a reasonable doubt given the overall strength of the prosecution's case which consists of more than noncorroborated hearsay evidence. See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). See also United States v. Abdelazz, 144 Fed.Appx. 821, 826-29 (11 Cir. 2005). Because the admission of the statements was harmless beyond a reasonable doubt with regard to its constitutional implications, defense counsel's failure to preserve the issue on appeal cannot be deemed constitutionally ineffective. See Strickland v. Washington, 466 U.S. 668 (1984).

Since Arins cannot show that he received ineffective assistance of appellate counsel as a result of appellate counsel's failure to present the above-stated claim on direct appeal,[11] he has

---

[11]The two-prong Strickland test is equally applicable in assessing counsel's performance in appellate proceedings. See Grubbs v. Singletary, 120 F.3d 1174, 1176 (11 Cir. 1997)(applying the Strickland test to a claim of ineffective assistance of appellate counsel). See also Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). The Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues. Jones v. Barnes, 463 U.S. 745 (1983). In considering the reasonableness of an attorney's decision not to raise a particular claim, this Court must consider "all the circumstances, applying a heavy measure of deference to counsel's judgments." Eagle v. Linahan, 279 F.3d 926, 940 (11 Cir. 2001), quoting, Strickland, 466 U.S. at 691. Further, in determining whether the failure to raise a claim on appeal resulted in prejudice, the courts must review the merits of the omitted claim and, if it is concluded that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal. Eagle, 279 F.3d at 943. Under Florida law, the "failure of trial counsel to object at trial bars appellate review." Jackson v. Dugger, 931 F.2d 712, 715 n.7 (11 Cir.

not demonstrated cause to excuse him from the procedural bar. <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). In other words, Arins would not have prevailed if the subject claim had been raised before the state appellate court, because the claim was not properly preserved for appellate review and/or meritless. Accordingly, this claim is barred from consideration in this federal proceeding. <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Further, as indicated, Arins has not established that a fundamental miscarriage of justice will result from not considering the forfeited claim. <u>See</u> <u>House v. Bell</u>, ___ U.S. ___, 126 S.Ct. 2064 (2006); <u>Dretke v. Haley</u>, 541 U.S. 386, 124 S.Ct. 1847 (2004). <u>See also</u> <u>Bousley v. United States</u>, 523 U.S. 614 (1998), <u>quoting</u>, <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995). Accordingly, Arins is not entitled to federal habeas corpus review of the claim, although the claim has effectively been reviewed on the merits. Arins cannot demonstrate that the violation of his confrontation rights rendered his trial fundamentally unfair, entitling him to federal habeas corpus relief.

In **claim four**, Arins asserts that the trial court erred by failing to preview taped conversations between the petitioner and William Sharoff, prior to allowing the jury to read transcripts of the tapes as they listened to the recordings. (DE#1:12).

Review of the state record reveals that counsel objected to the transcripts prepared by the prosecutor. In fact, he cross-

---

1991). The only exception to this rule is when the error constitutes a "fundamental error." <u>Id</u>. For an error to be "fundamental and justify reversal in the absence of a timely objection," it must be such that "a verdict of guilty could not have been obtained without the assistance of the alleged error." <u>Porter v. Crosby</u>, 840 So.2d 981, 984 (Fla. 2003)(internal quotation marks and citation omitted).

examined the agent regarding the accuracy of the transcripts and his revisions thereto. During Sharoff's testimony, the tape recordings were introduced and the transcripts provided to the jury as an aid while they listened to the tape.

The Eleventh Circuit Court of Appeals has long held that transcripts are admissible to aid the jury as it listens to a taped recordings. United States v. Anderson, 872 F.2d 385, 392 (11 Cir. 1989) citing, United States v. Onori, 535 F.2d 938 (5 Cir. 1976); United States v. Costa, 691 F.2d 1358, 1363 (11 Cir. 1982).

Moreover, review of record reveals that the trial court instructed the jury with regard to the transcripts, as follows:

> All right.   Ladies and gentlemen, State's exhibit number 8, a tape, has been introduced into evidence. You're going to be provided with a transcript of that tape.
>
> Now, if you find that there is a conflict between the tape and the transcript, the transcript is merely to assist you in following the tape. It is not in evidence. So if there's a conflict, you should rely on the tape which is in evidence as opposed to the transcript which is not in evidence.
>
> All right. You may play it.

(T.325).

Under these circumstances, Arins cannot establish an abuse of discretion by the court in providing the jury with the transcripts. Moreover, it should be noted that evidentiary rulings such as these are not cognizable in federal habeas proceedings. See Maness v. Wainwright, 512 F.2d 88, 92 (5 Cir. 1975); Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11 Cir.), cert. denied, 470 U.S. 1059 (1985). Regardless, such evidentiary rulings are subject to the

21

harmless error analysis and will support habeas relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Sims v. Singletary, 155 F.3d at 1312, quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). In this case, given the cautionary instruction given above, any such error, at best, was harmless and did not have a substantial effect in determining Arins' guilt.

Similar to claim three above, this claim is also unexhausted and procedurally barred as it could have been, but was not raise on direct appeal. Like claim three above, this claim was also raised in the state forum as an ineffective assistance of appellate counsel claim for failing to preserve or raise the issue on appeal. Since Arins cannot show that he received ineffective assistance of appellate counsel he has not demonstrated cause to excuse him from the procedural bar. See Murray v. Carrier, 477 U.S. 478 (1986). In other words, Arins would not have prevailed if the subject claim had been raised before the state appellate court, because the claim was not properly preserved for appellate review and/or meritless. Accordingly, this claim is barred from consideration in this federal proceeding. United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). No fundamental miscarriage of justice will result from considering this claim further. Accordingly, Arins is not entitled to federal habeas corpus review of the claim, although the claim has effectively been reviewed on the merits. He is thus entitled to no relief on this claim.

In **claim five**, Arins asserts that he was denied effective assistance of counsel, where his lawyer misadvised him against taking the stand on his own behalf. (DE#1:16). According to Arins, he claims counsel advised him against testifying that he was

smuggling semi-precious stones rather than drugs because the
penalty would be as great as if the jury convicted him of smuggling
cocaine. (DE#1:16). Arins claims he would have testified or hired
an expert to explain that the tape recording of his conversation
with Sharoff was altered by police, and that in fact, the
conversation dealt with the smuggling of gemstones, not drugs.
(Id.).

Review of the trial transcript reveals that after the state
rested, when asked by the court whether he wished to testify and be
subject to cross-examination, or remain silent, Arins responded
that he wished to remain silent. (T.423-424).

When Arins made this same argument in his Rule 3.850
proceeding, the court found in pertinent part as follows:

> In his third claim, Defendant contends that
> because of the misadvice of his attorney, he
> did not take the witness stand. In trying to
> make sense of this argument, it appears that
> Defendant wanted to testify that he was
> smuggling gems and not drugs and that his
> attorney told him that to admit this is as
> based as admitting to smuggling drugs.
> Defendant contents that he reviewed the
> federal statutes and found out that the
> penalty for drug smuggling is not as great as
> for drug trafficking. This Court finds this
> contention without merit. Even assuming that
> his attorney told him that one crime was worse
> than another, Defendant fails to comprehend
> that admitting to one crime might have been
> prejudicial to his defense of no knowledge. To
> admit to knowledge of smuggling anything would
> have been inconsistent with his defense.
>
> Further, the record shows that Judge Schapiro
> asked Defendant if he wanted to testify
> (exhibit V, p. 423-424). Defendant had every
> opportunity to tell the trial judge that he

> wished to testify, especially because he had
> no prior felony convictions, but he failed to
> do so. Even when the jury instructions were
> being discussed, Defendant agreed with the
> fact hat he did not want the jury to be told
> that he exercised his right to remain silent
> and that they [jurors] should not be
> influenced by his decision (exhibit V, p.426,
> line 16). Acccordingly, this claim is denied.

(DE#12:R-5:Order denying Motion).


    That denial was subsequently affirmed on appeal without
opinion. Arins v. State, supra.


    Under these circumstances, it is apparent that, as the state
collateral court found, Arins waived his right to testify after a
colloquy from the court. A criminal defendant has a fundamental
constitutional right to testify in his or her own behalf. Rock v.
Arkansas, 483 U.S. 44, 49-52 (1987); United States v. Teague, 953
F.2d 1525, 1532 (11 Cir. 1992) (en banc). This right is personal to
the defendant, and cannot be waived by the trial court or defense
counsel. Teague, supra; Brown v. Artuz, 124 F.3d 73, 77-78 (2 Cir.
1997). The burden of ensuring that a criminal defendant is informed
of the nature and existence of the right to testify rests upon trial
counsel, and is therefore a component of effective assistance of
counsel. Teague, 953 at 1533; Sexton v. French, 163 F.3d 874, 882
(4 Cir. 1998). Therefore, a claim that defendant's right to testify
was violated by his trial counsel requires analysis under
Strickland. Gallego v. United States,174 F.3d 1196 (11 Cir. 1999).


    A "barebones assertion by a defendant, albeit made under oath,
is insufficient to require a hearing or other action on his claim
that his right to testify in his own defense was denied him."

Underwood v. Clark, 939 F.2d 473 at 476 (7 Cir. 1991)(greater
particularity and some substantiation such as an affidavit from the
lawyer who allegedly forbade his client to testify is necessary to
give the claim sufficient credibility to warrant a further
investment of judicial resources); Siciliano v. Vose, 834 F.2d 29
(1 Cir.1987)(defendant's conclusory allegation that his attorney
refused to allow him to testify in his own behalf was insufficient
to entitle him to hearing on issue of whether his right to testify
was violated); Passos-Paternina v. United States, 12 F. Supp. 231,
239-40 (D. Puerto Rico 1998).

Most courts which have considered the question have followed
the analysis set out by the Eleventh Circuit in Teague, and hold
that a criminal defendant's claim that trial counsel was
constitutionally ineffective for failing to inform him of or allow
him to exercise his right to testify must satisfy the two-prong test
of Strickland, supra. Therefore, where a movant fails to demonstrate
in his §2255 motion or §2254 petition that he was prejudiced by
counsel's alleged deficient representation, the inquiry is at an
end. See, e.g., Brown v. Artuz, supra at 79; United States v.
Tavares, 100 F.3d 995, 998 (D.C.Cir.1996)(no need for an evidentiary
hearing because defendant's testimony would not have influenced the
outcome of the trial). Where the record establishes no reasonable
probability that the defendant's asserted testimony would have
changed the outcome of the trial, the defendant has failed to make
a prima facie showing of prejudice. Brown, supra; United States v.
Tavares, supra.

As the state court noted, the fact that Arins has grown to
regret that decision in no way indicates that his lawyer rendered
ineffective assistance with respect to his choice.   Under such
circumstances, the state court's denial of relief on Arins' claim

25

is in accord with the settled federal principle that tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance. <u>McNeal v. Wainwright</u>, 722 F.2d 674 (11 Cir. 1984); <u>United States v. Costa</u>, 691 F.2d 1358 (11 Cir. 1982); <u>Coco v. United States</u>, 569 F.2d 367 (5 Cir. 1978). Even if such a decision in retrospect appears incorrect, it can constitute ineffective assistance only "if it was so patently unreasonable that no attorney would have chosen it," <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11 Cir.), <u>cert. denied</u>, 464 U.S. 1663 (1984), or if the petitioner can demonstrate a "reasonable probability that the verdict [otherwise] would have been different." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986).

A lawyer who advises a client not to testify for tactical reasons does not provide ineffective assistance. <u>Lee v. Murphy</u>, 41 F.3d 311, 316 (7 Cir. 1994). Here, where Arins admits that his lawyer advised him not to testify, it is apparent that counsel's advice was tactical in nature, so the state court's finding that it did not comprise ineffective assistance comports with the foregoing controlling federal authorities. Thus, without competent evidence that Arins was subject to some sort of coercion or undue influence, it cannot be assumed in this federal proceeding that Arins' apparent acquiescence to a trial strategy in which he did not testify was anything but voluntary.[12] See <u>Lambrix v. Singletary</u>, 72 F.3d 1500, 1508 (11 Cir. 1996)("Without evidence that [the

---

[12]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his <u>pro</u> <u>se</u> petition to be of probative value. <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5 Cir. 1983). <u>See also, e.g.</u>, <u>Panuccio v. Kelly</u>, 927 F.2d 106, 109 (2 Cir. 1991)(noting that a defendant's testimony after the fact suffers from obvious credibility problems). Moreover, bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. <u>See</u> <u>United States v. Ammirato</u>, 670 F.2d 552 (5 Cir. 1982); <u>United States v. Sanderson</u>, 595 F.2d 1021 (5 Cir. 1979); <u>King v. United States</u>, 565 F.2d 356 (5 Cir. 1978); <u>Clayton v. Estelle</u>, 541 F.2d 486 (5 Cir. 1976).

defendant] was subject to continued coercion, we cannot assume that [the defendant's] apparent acquiescence to a trial strategy in which he did not testify was anything but voluntary."), aff'd, 520 U.S. 518 (1997). Under the totality of the circumstances presented here, the state courts rejection of this claim is in accord with federal constitutional principles and therefore should not be disturbed here. Williams v. Taylor, supra.

In **claim six**, Arins asserts that the state unlawfully introduced evidence of a conversation between the petitioner and William Sharoff which had been altered by law enforcement as language was deleted which would have established that the petitioner was smuggling semi-precious gems, and not drugs. (DE#1:20).

When Arins made this same argument in his Rule 3.850 proceeding, the court found in pertinent part as follows:

> In his fourth claim, Defendant contends that his attorney was ineffective by not objecting to an altered tape recording which would have shown that he was smuggling semiprecious stones. The record reflects what the audible portions of the tape were. There is no conversation regarding gems between Defendant and witness William Sharoff. Further, Sharoff identified the voices on the tape as being his and Defendant's (exhibit VI, p. 333, line 20-25). Defendant's bare assertions at the tape had been altered without more does not provide a reason not to allow the taped conversation into evidence. Moreover, the admission of evidence relies within the sound discretion of the trial judge. ... Accordingly, the claim is DENIED.

(DE#12:Ex.R-5:Order Denying 3.850 Motion).

That denial was subsequently affirmed on appeal without opinion. Arins v. State, supra.

Neither in the state court nor in this habeas proceeding has Arins established that the subject tape recording was altered by police. He claims the conversation he had with Sharoff did not concern cocaine, but rather semiprecious stones. However, as will be recalled, Sharoff testified that Arins had been his drug supplier for a number of years. Sharoff identified Arins as the voice on the tape recording, and testified regarding the events leading to Arins' arrest. Thus, Arins has been unable to demonstrate in this collateral proceeding that the prosecutor or police either altered the tapes or even knew that somehow portions therein were deleted or otherwise tampered with. Even if counsel had retained an expert to review the recording, no showing has been made that this information would have altered the guilt phase portion of Arins' trial. Arins did not provide in his collateral proceeding in the state court with any expert objective evidence in support of the claim, nor has he done so here.

Under the circumstances presented here, the trial court's determination that Arins was not entitled to postconviction relief on this claim, which decision was ultimately affirmed on appeal, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). See Strickland v. Washington, supra; Williams v. Taylor, 529 U.S. 362 (2000).

Conclusion

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Signed this 28th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Marcello Budal Arins, Pro Se
     DC#L29001
     Union Correctional Institution
     7819 N.W. 228th Street
     Raiford, FL 32026-4170

     Don M. Rogers, AAG
     Department of Legal Affairs
     1515 North Flagler Drive, Suite 900
     West Palm Beach, FL 33401