UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60999-CIV-COHN

MARCELLO BUDAL ARINS,

Magistrate Judge White

Petitioner,

vs.

WALTER A. McNEIL,

**SCANNED**

Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS

THIS CAUSE is before the Court upon the filing of Marcello Arins' ("Petitioner" or "Arins") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [DE 1] ("Petition"); United States Magistrate Judge White's Report and Recommendation [DE 16] ("Report"); and Petitioner's Objections [DEs 17, 18] ("Objections").[1]  Pursuant to 28 U.S.C. § 636(b)(1)(c), the Court has reviewed *de novo* the record herein, and is otherwise fully advised in the premises.

### I. BACKGROUND

The Petition raises six claims: (1) the trial court committed reversible error when it interfered with the jury selection process; (2) testimony adduced at trial which suggested that the petitioner routinely engaged in narcotics trafficking was improper and warrants a new trial; (3) Petitioner's confrontation rights were violated when the prosecutor and/or its witnesses alluded to an unidentified confidential informant; (4) the

---

[1] Petitioner's Objections [DEs 17, 18] appear to have been filed twice.

1

trial court erred by failing to preview taped conversations between Petitioner and William Sharoff ("Sharoff"), prior to allowing the jury to read transcripts of the tapes as they listened to the recordings; (5) Petitioner was denied effective assistance of counsel when his lawyer misadvised him against taking the stand on his own behalf; and (6) the state unlawfully introduced evidence of a conversation between the petitioner and William Sharoff which had been altered by law enforcement - language was deleted which would have established that Petitioner was smuggling semi-precious gems and not drugs. Magistrate Judge White determined that a number of the claims were procedurally barred from review and recommended that the Petition be denied. Petitioner's Objections to the Report are addressed in turn below.

## II. ANALYSIS

### Objections to Claim 1

Petitioner argues that the Report is internally contradictory regarding whether this claim was exhausted in the state forum. There is no contradiction in the Report. The Report makes the initial observation that the claim is unexhausted and therefore procedurally barred from review. Then the Report addresses whether Mr. Arins succeeded in establishing actual innocence because actual innocence may overcome a procedural default. However, Arins failed to meet the standard for actual innocence and therefore, the first claim does not defeat the procedural default and Arins is not entitled to federal habeas corpus review.

Despite the claim not being exhausted at the state level, the factual basis of the claim was presented on direct appeal as a claim that the trial judge abandoned his role

as a neutral arbiter. Therefore, the factual basis underlying claim one was exhausted in the state forum and the Report discusses the claim on these merits.[2]

As Judge White explained, "[a] trial judge's participation in a trial oversteps the bounds of propriety and deprives the parties of a fair trial only if it appears from the record that the court has departed from neutrality or has expressed bias or prejudice." Report, DE 16, p. 11. The Report concludes that there was no prejudice to Petitioner, nor was Petitioner deprived of a fair trial because the trial court's comments never strayed from neutrality. The Petitioner objects to this conclusion because he insists that "there was no such thing as fair play" and he was prejudiced. Objections, DE 18, p. 1. However, prejudice to the Petitioner was not established. As the Report stated, the trial judge did not become an advocate for the prosecutor, the judge was merely attempting to ensure that all pertinent evidence was presented to the jury. Additionally, the remarks and suggestion of the trial judge occurred outside of the presence of the jury. Therefore, the denial of this claim on direct appeal was not in conflict with clearly established federal law nor based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As a result, this claim must be denied.

### Objections to Claim 2

The Report concludes that claim two should be denied because the admission of testimony regarding Arins' narcotics trafficking was in accordance with both state and federal law regarding admission of "other crimes" evidence and did not impair the

---

[2] Petitioner's confusion may stem from the discussion of the factual basis for claim one which is inconsistent with the captioned claim on direct appeal.

3

fundamental fairness of his trial. In the alternative, the Report states that the admission of the evidence was harmless because the confidential informant's testimony corroborated the testimony of the Special Agent.

Petitioner's Objections do not address the testimony of the Special Agent. Petitioner argues that the confidential informant, Sharoff, fabricated a "story" about Arins trafficking in drugs. Petitioner states that this testimony affected the fundamental fairness of the trial and other than Sharoff's testimony, there was no direct evidence of Arins dealing drugs.

However, a taped recording of the conversation between Arins and Sharoff was introduced at trial and provided further evidence of the seller/buyer relationship between them. Petitioner argues the taped conversation was altered and the unaltered tape would have reflected that Arins was dealing in semi-precious gems not drugs. As discussed below, the Court finds that the claim that the tape was altered is unpersuasive. This recording provides support for Sharoff's testimony and Petitioner has provided no evidence that Sharoff lied during his testimony. Additionally, the Report states that Sharoff's testimony corroborated the testimony of the Special Agent. Therefore the evidentiary decision to include the testimony of Sharoff and the Special Agent did not adversely affect the fundamental fairness of the trial. The state court's denial of this claim is not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim must be denied.

**Objections to Claim 3**

Arins argues that the Report is inconsistent in its determination of whether claim

4

three was exhausted in state court.  The Report first observes that the claim was not presented on direct appeal.  However, Arins did present a claim of ineffective assistance of appellate counsel in the state appellate court and ineffective assistance of counsel may constitute cause for a procedural default.  The Report concludes that:

> Since Arins cannot show that he received ineffective assistance of appellate counsel as a result of appellate counsel's failure to present the above-stated claim on direct appeal, he has not demonstrated cause to excuse him from the procedural bar. In other words, Arins would not have prevailed if the subject claim had been raised before the state appellate court, because the claim was not properly preserved for appellate review and/or meritless.

Report, DE 16, p. 19-20 (citations omitted).  As this quote demonstrates, there is no conflict in the Report.  The Magistrate Judge determined that the ineffective assistance of counsel claim did not excuse the procedural bar because even if the claim had been presented on appeal, it would have been unsuccessful.  Therefore, Arins is not entitled to federal habeas corpus review of this claim.  In order to arrive at this conclusion the Report, in effect, did analyze the claim and this might have resulted in Petitioner's confusion.

## Objections to Claim 5

Arins argues that he followed his attorney's misadvise and was prejudiced by his failure to testify.  However, because Arins admitted that his lawyer advised him not to testify and this advice was tactical in nature, the state court denial of this claim comports with controlling federal authorities.  Furthermore, Petitioner puts forth no evidence that his failure to testify was the result of some sort of coercion or undue influence and "it cannot be assumed in this federal proceeding that Arins' apparent acquiescence to a trial strategy in which he did not testify was anything but voluntary."

5

Report, DE 16, p. 26. Therefore, the state court's rejection of this claim is in accord with federal constitutional principles and Petitioner's claim must be denied.

### Objections to Claim 6

In his objections Arins reiterates that the tape recording entered into evidence was altered and the unaltered tape would have shown that Arins was discussing gemstones not drugs. Petitioner claims that he was in the house for 28 minutes but only 14 minutes of conversation was taped. Petitioner also alleges that a continuous loop of music was added to try and cover up the alteration of the tape. However, Petitioner has not substantiated these allegations nor provided any expert objective evidence in support of his claim. Additionally, even if counsel had retained an expert to review the recording, the Report concludes that no showing was made that the information would have altered the guilt phase portion of Arins' trial. Therefore, the trial court's determination that Arins was not entitled to postconviction relief on this claim was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The claim must be denied.

### III. CONCLUSION

Accordingly, upon a *de novo* review, the Court concludes that Marcello Budal Arins' Petition filed pursuant to 28 U.S.C. §2254 should be denied on its merits for the reasons stated in the Report and this Order. Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 16] is **ADOPTED**.

2. Petitioner's Objections [DEs 17, 18] are **OVERRULED**.

3. A separate Final Judgment will be entered consistent with the Court's findings.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of June, 2008.

JAMES I. COHN
United States District Judge

copies to:
All counsel of record

Marcello B. Arins, pro se
DC # - L 29001
Union Correctional Institution
7819 NW 228th St.
Raiford, FL 32026-4170